ARMY TIMES SALES COMPANY, FORMER NAME ARMY AND NAVY BULLETIN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MELVIN RYDER AND FLORENCE RYDER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 71150, 71151. Filed January 31, 1961.

*Temple W. Seay, Esq.*, for the petitioners.
*Neil J. O'Brien, Esq.*, for the respondent.

690

698

702

OPINION.

KERN, *Judge:* Respondent contends that the provisions of section 129(a) of the Internal Revenue Code of 1939 [1] and the similar provisions of section 269 of the Internal Revenue Code of 1954 prohibit the allowance of the net operating loss deductions and interest deductions claimed by Army Times Sales Company, and also the allowance of capital gains treatment of income derived from redemption of that company's debenture bonds as claimed by Melvin Ryder, because his primary purpose for acquisition of control of Sales Company was the avoidance of Federal income tax by securing the benefit of such deductions and allowances which he would not otherwise enjoy.

In the alternative, with respect to the corporate petitioner, respondent contends that the net operating losses are not allowable deductions because the business which produced the income against which the losses are claimed as an offset was not the business which produced the losses and therefore Sales Company is not the *taxpayer* that incurred the losses. Further, in the alternative, with respect to

---

[1] SEC. 129. ACQUISITIONS MADE TO EVADE OR AVOID INCOME OR EXCESS PROFITS TAX.

(a) DISALLOWANCE OF DEDUCTION, CREDIT, OR ALLOWANCE.—If (1) any person or persons acquire, on or after October 8, 1940, directly or indirectly, control of a corporation, or (2) any corporation acquires, on or after October 8, 1940, directly or indirectly, property of another corporation, not controlled, directly or indirectly, immediately prior to such acquisition, by such acquiring corporation or its stockholders, the basis of which property, in the hands of the acquiring corporation, is determined by reference to the basis in the hands of the transferor corporation, and the principal purpose for which such acquisition was made is evasion or avoidance of Federal income or excess profits tax by securing the benefit of a deduction, credit, or other allowance which such person or corporation would not otherwise enjoy, then such deduction, credit, or other allowance shall not be allowed. For the purposes of clauses (1) and (2), control means the ownership of stock possessing at least 50 per centum of the total combined voting power of all classes of stock entitled to vote or at least 50 per centum of the total value of shares of all classes of stock of the corporation. [So far as here applicable, section 269 of the 1954 Code contains no substantial change.]

both the Sales Company and Melvin Ryder, respondent contends that the debenture bonds were not a bona fide indebtedness or even if so the debt had been extinguished and accordingly interest thereon is not deductible by Sales Company and the distributions by that company in redemption of the debentures held by Melvin Ryder constituted dividends taxable to him as ordinary income.

The primary contentions of petitioners are: (1) That Ryder's acquisition of control of the corporate petitioner was not for the interdicted purpose mentioned in the cited Code sections but instead was principally for the business purpose of continuing the publication of Armed Force, and (2) that the subsequent decision to discontinue the publication and change the operating function of the corporation was predicated upon discovery of the hopeless condition of the circulation of Armed Force, the lack of sufficient advertising revenue, and other adverse circumstances, and when the discontinuance of the publication was decided the corporate organization merely became available for use as the selling agent of Army Times Publishing Company. Petitioners further contend that in any event Sales Company is not an *acquiring* corporation within the statute involved but instead is the same taxpayer which earned income in the taxable years involved and is entitled to the allowance of its own interest and net operating loss deductions, and also that Ryder, the individual acquirer of control of Sales Company, is not the taxpayer seeking the benefit of such deductions.

The petitioner Ryder contends that, as an owner in due course of valid debenture bonds of Sales Company, the amount received by him in 1953 in retirement and redemption thereof constituted an exchange under section 117(b) of the Internal Revenue Code of 1939, and accordingly is taxable as a capital gain.

In *Thomas E. Snyder Sons Co.*, 34 T.C. 400, and *Urban Redevelopment Corporation*, 34 T.C. 845, this Court decided that section 129, I.R.C. 1939, and section 269, I.R.C. 1954, are applicable to deny the benefit of a net operating loss deduction even though the person acquiring control of a corporation was not the taxpayer directly claiming the corporation's loss carryovers, where it was found that the principal purpose for the acquisition was tax avoidance by securing the benefit of a deduction which such person would not otherwise enjoy. In the instant proceedings, if the acquisition of control was made for the purpose of tax avoidance, the cited cases are direct authority for disallowing the corporate petitioner's claimed deductions for net operating losses incurred prior to the acquisition. Further, assuming the requisite intent or purpose and assuming that the promissory note represented a valid outstanding indebtedness at the time of Ryder's acquisition of the note and control of the corporate petitioner, we are

of the opinion that the cited cases are authority for disallowing Sales Company's claimed deductions for interest on debenture bonds issued in substitution for such note, for the reason that they fall into the same category as the net operating losses in serving as the basis for securing the benefit of a deduction which the acquiring person would not otherwise enjoy but for such acquisition.

The judicial ascertainment of someone's subjective interest or purpose motivating actions on his part is frequently difficult. One method by which such ascertainment may be made is to consider what the immediate, proximate, and reasonably to be anticipated consequences of such actions are and to reason that the person who takes such actions intends to accomplish their consequences. This reasoning is implicit in the Latin maxim *"acta exteriora indicant interiora secreta"*, and in the more homely English adage "actions speak louder than words."

In the instant case the immediate, proximate, and admittedly anticipated results of the acquisition of Sales Company by Ryder were the securing to him of definite and valuable tax advantages.

Petitioners rely upon oral testimony to substantiate their primary contentions that Ryder's acquisition was motivated principally by a bona fide business purpose, that he gave little or no consideration to securing any tax benefits which he would not otherwise enjoy although he was fully aware of the acquired corporation's net losses and outstanding note, and that the changes in name and business activity of the acquired corporation were due to decisions reached after the acquisition. We have given careful consideration to the oral testimony so relied upon. In the light of the facts established by the record and what actually transpired, we are not persuaded by this testimony that the respondent has erred in his determination, which is of course presumed to be correct. It does not seem plausible that Ryder, a successful publisher of several service publications having substantial domestic and foreign circulation, made the acquisition principally as a business venture and for the principal purpose of pumping new financial life into the then insolvent corporation faced with bankruptcy so as to continue the publication of the magazine Armed Force which he knew had been a financial failure from its inception. The basic facts and circumstances surrounding Ryder's "package deal" acquisition of the stock of the so-called "loss" corporation and its worthless note, the pattern of the various steps taken, and the sequence of events in connection with the entire transaction embracing the negotiations, acquisition, conversion of the note to bonds, and shifting of a part of Publishing Company's business to the acquired corporation compel a different conclusion from that sought by petitioners herein. We have set forth detailed findings of the factual

circumstances involved and it would serve no useful purpose to here review or summarize those facts.

We conclude that Ryder's principal purpose for acquiring control of the corporate petitioner was to avoid Federal income tax by securing to himself, as sole stockholder, the benefit of deductions of the corporation's net operating losses and interest on a note, which deductions he would not otherwise have enjoyed. We further conclude that, as part and parcel of such acquisition of control, Ryder's acquisition of the note and the conversion thereof into debenture bonds were for the principal purpose of avoiding Federal income tax by securing to himself individually the benefit of the allowance of capital gains treatment of the corporation's payments or distributions in redemption of such debenture bonds. Having so found, section 129, I.R.C. 1939, and section 269, I.R.C. 1954, require the disallowance of the corporate petitioner's claimed deductions for interest and net loss carryovers and the disallowance of the individual petitioner's claim for capital gains treatment of income derived from redemption of that company's debenture bonds.

In view of the above conclusions, it is not necessary to discuss the various alternative contentions of the parties herein.

*Decisions will be entered for the respondent.*